UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **FLOYD T. MOSLEY** (on behalf of the Estate of **CODY MOSLEY**), | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Cause No. 1:13-CV-345<br>) |
| **STEUBEN COUNTY SHERIFF TIM R. TROYER**, | )<br>)<br>) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court in this wrongful death case are Plaintiff Floyd Mosley's motion to extend the deadline to amend the pleadings (Docket # 18), and motion for leave to amend complaint (Docket # 16); the latter seeks to add eight Defendants to this case (Docket # 16-1). Because Plaintiff's motion for extension is unopposed, and because the late-filed motion was likely the result of excusable neglect, there is good cause to extend the deadline to amend the pleadings. Consequently, Plaintiff's motion for leave to amend complaint will also be granted, and his first amended complaint will be deemed filed.

### *I. Factual Background*

Plaintiff, on behalf of his son, Cody Mosley, filed his original complaint on December 2, 2013, seeking damages for Cody's alleged wrongful death while incarcerated at the Steuben County Jail on August 5, 2012. (Docket # 1.) Because Plaintiff was unaware of the identity of the officers working at the Steuben County Jail at the time of Cody's death, the original complaint only named Steuben County Sheriff Tim R. Troyer as Defendant. (Pl.'s Mot. to Am. Compl. ¶¶ 3-4.)

On February 3, 2014, the Court adopted the Report of the Parties' Planning Meeting, and made it an Order of the Court. (Docket # 15.) The Report established an April 11, 2014, deadline for Plaintiff to seek permission to join additional parties and amend the pleadings. (Docket # 12.)

Nevertheless, on April 24, 2014, Plaintiff moved for leave to amend his complaint seeking to add eight Steuben County Jail Officers as Defendants, their identity having been disclosed during the course of pre-discovery disclosures. (Dft.'s Obj. to Pl.'s Mot. to Am. Compl. ("Dft.'s Obj.") ¶¶ 9-10.) Due to miscalendaring, Plaintiff filed his motion for leave to amend on April 24, 2014, thirteen days after the deadline, because an employee of Plaintiff's counsel mistakenly recorded the date the statute of limitations runs (August 5, 2014) as the motion to amend deadline. (Pl.'s Mot. to Extend Am. Deadline ¶¶ 4-5.) Defendant filed a timeliness objection four days later, arguing that the Plaintiff had not shown that the late filing was the result of excusable neglect. (Dft.'s Obj. ¶¶ 10-12.)

In turn, on May 5, 2014, Plaintiff filed his motion and memorandum to extend the deadline to amend his complaint, explaining the ostensible excusable neglect. Defendant did not file a response to Plaintiff's motion to extend, and the time to do so has now passed.

## *II. Analysis*

### *a. Motion to Extend*

Federal Rule of Civil Procedure 6(b) provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." To demonstrate good cause (which Plaintiff does not attempt to do), a party must show that despite its diligence, the time

2

table could not reasonably have been met. *Smith v. Howe Military Sch.*, No. 3:96-CV-790, 1997 WL 662506, at *1 (N.D. Ind. Oct. 20, 1997).

Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer*, 507 U.S. at 394). In doing so, the Court takes "account of all relevant circumstances surrounding the party's omission . . . includ[ing] . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011) (quoting *Pioneer*, 507 U.S. at 395); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006).

Plaintiff filed his motion for leave to amend less than two weeks after the deadline had passed. Upon receiving Defendant's objection to the late filing, Plaintiff filed his motion for extension a week later, on May 5, 2014. Defendant did not respond to Plaintiff's motion to extend, apparently conceding that Plaintiff's miscalendaring constitutes excusable neglect, and therefore, the deadline should be extended.

Defendant's lack of opposition is well-founded as courts in this circuit have found that miscalendaring a deadline can, but does not necessarily, constitute excusable neglect. *See, e.g.*, *Saul v. Prince Mfg. Corp.*, No. 1:12-CV-270, 2013 WL 228716, at *2 (N.D. Ind. Jan. 22, 2013) (finding excusable neglect for missing deadline due to attorneys' failure to place it on the

3

calendar); *Ruiz v. Carmeuse Lime, Inc.*, No. 2:10-CV-21-PRC, 2011 WL 3290376, at *1 (N.D. Ind. July 14, 2011) (finding excusable neglect for missing a response deadline due to an inadvertent calendaring error); *Boctking v. United States*, No. 3:10-cv-10-RLY-WGH, 2010 WL 2265310, at *2 (S.D. Ind. June 2, 2010) (setting aside a default because good cause was shown when a calendaring error led defendant to believe it had one more month to file an answer).

Moreover, the length of delay is minimal as the motion for leave to amend was filed less than two weeks after the deadline. *Ruiz*, 2011 WL 3290376, at *2 (stating that the danger of prejudice was minimal when the response was filed seventeen days after it was originally due). Finally, granting Plaintiff's motions is in the interests of judicial economy. In this case, the statute of limitations does not run until August 5, 2014. Denying Plaintiff's motions would serve only to frustrate the parties and the Court as the Plaintiff would simply file another case, delaying both that one and this. Accordingly, because Plaintiff has shown that the missed deadline was the result of excusable neglect, his motion to extend will be granted.

### b. Motion for Leave to Amend

Turning to Plaintiff's motion for leave to amend complaint, a court should freely give leave when justice so requires. Fed. R. Civ. P. 15 (a)(2). However, this right is not absolute, *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 720 (7th Cir. 2002), and can be denied for undue delay, bad faith, dilatory motive, prejudice, or futility, *Ind. Funeral Dirs. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 655 (7th Cir. 2003).

Plaintiff's motion for leave to amend was objected to by Defendant solely on the ground that Plaintiff had not yet established excusable neglect for the late filing. As explained above, Plaintiff has now shown his late filing was the result of excusable neglect. Because Plaintiff's

4

motion for leave to amend was otherwise unopposed, and because the Court should freely give leave when justice so requires, Fed R. Civ. P. 15(a)(2), Plaintiff's now timely motion to amend will be granted.

### *III. Conclusion*

For the reasons stated herein, Plaintiff's motion to extend time to amend pleadings (Docket # 18) is GRANTED. Consequently, Plaintiff's Motion for leave to amend (Docket # 16) is GRANTED, and Plaintiff's First Amended Complaint (Docket # 16-1) is deemed filed.

SO ORDERED.

Enter for this 27th day of May 2014.

s/ Roger B. Cosbey  
Roger B. Cosbey  
United States Magistrate Judge